64

(No. 41605.—

The People of the State of Illinois, Appellee, *vs.*
Johnie Rocquemore *et al.,* Appellants.

*Opinion filed December 19, 1969.*

Ron W. Fritsch, of Chicago, appointed by the court,
for appellant.

William J. Scott, Attorney General, of Springfield,
and Edward V. Hanrahan, State's Attorney, of Chicago,
(James B. Zagel and Fred G. Leach, Assistants Attorney
General, and Elmer C. Kissane, Assistant State's Attorney,
of counsel,) for the People.

Mr. Justice Crebs delivered the opinion of the court:

The principal question presented for review is whether
or not identification testimony at defendants' trial was con-
stitutionally tainted by an illegal lineup. On November 8,
1967, the defendants were arrested and charged with the
armed robbery of a service station. After being taken into
custody, the defendants were advised by police officers that
they had a right to remain silent and that they had a right
to be represented by counsel during questioning. While
defendants were not specifically advised as to their right
to counsel at a lineup they were advised of "the right to
have an attorney present at any time at their request and
either before or during questioning or any time and if they

were financially incapable of having an attorney present that they could or one would be supplied by the County." The defendants were placed in a lineup later that day, prior to indictment and without counsel. Present at the lineup were two police officers, three other prisoners who resembled the defendants, the three defendants and Thomas Soto. Soto was the lone attendant at the service station.

Defendants filed a motion to suppress the identification testimony and a hearing on said motion was held prior to trial. The two police officers and the three defendants testified at this hearing as defendants' witnesses. No testimony was offered by the People. The testimony of the defendants, if true, would show a tainted identification. This testimony was in direct conflict with the testimony of their other witnesses, the police officers. The police officers testified that a wire screen separated Soto from the defendants; the defendants testified that the police officers took Soto's hand and placed it on defendants. If they were separated by a screen, defendants' version cannot be true. Furthermore, the defendants contradicted each other in several important respects. The trial court denied the motion to suppress.

Later, at the trial, an in-court identification was made by Soto. Under these circumstances we find that the unproved charges of irregularities in conducting the lineup are insufficient to require rejection of the in-court identification.

Defendants also question their having been proved guilty beyond a reasonable doubt. There was a conflict in the testimony and the trial judge determined which witnesses were credible. We find no reason to disturb his findings.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*